LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Sheri M. Thome, Esq.
Nevada Bar No. 8657
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com

Attorneys for Larson & Zirzow, LLC,
Zachariah Larson, and Matthew C. Zirzow

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>LV FORTUNE, LLC,<br><br>Debtor. | Case No.  22-13555-mkn<br>Chapter 11 |
| LV FORTUNE, LLC, an Oregon limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>LARSON & ZIRZOW, LLC, a Nevada limited liability company; MATTHEW ZIRZOW, individually; ZACHARIAH LARSON, individually; DOES I-V, individually; ROE CORPORATIONS VI-X;<br><br>Defendants. | Adversary No.<br><br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendants, Larson & Zirzow, LLC (the "Firm"), Matthew C. Zirzow ("Zirzow"), and Zachariah Larson ("Larson") (collectively "Defendants"), hereby remove this case to the United States Bankruptcy Court for the District of Nevada in accordance with 28 U.S.C. §§ 157, 1334 and 1452, Rules 9011 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and LR 1001(b) and 9027.

311874564v.1

Defendants respectfully submit the following grounds for removal:

1.      In 2022, LV Fortune, LLC (the "Debtor") retained Defendants to provide bankruptcy-related legal representation.

2.      Debtor, through Defendants, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on October 3, 2022, commencing the above-captioned case before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), bearing case number 22-13555-mkn (the "Bankruptcy Case").

3.      On March 27, 2025, Debtor, through the law firm of Benson Allred filed a complaint alleging claims for legal malpractice against Defendants in the Eighth Judicial District Court, Clark County, Nevada, captioned *LV Fortune, LLC v. Larson & Zirzow, LLC, et al.* and bearing case number A-25-915543-C (the "State Court Action").

4.      Debtor alleged in the State Court Action that Defendants breached the standard of care in their representation of Debtor in the Bankruptcy Case, and that Debtor has been damaged as a result thereof.  In summary, Debtor has alleged that:

a.      Prior to the bankruptcy, Plaintiff had entered into a lease with a Landlord for the Fortune Hotel (the "Lease").  The Lease had an initial term of three years, with two extension options of one year per option (Ex. 1, ¶¶ 10-11). The Lease also provided Plaintiff with an option to purchase the property for a set price (Ex. 1, ¶ 12).

b.      Prior to the bankruptcy, the Landlord and the Plaintiff had a dispute about sums owed, and Plaintiff alleges that it filed bankruptcy, in part, to resolve any alleged defaults under the Lease and to preserve its options concerning the property (Ex. 1, ¶ 15).

c.      Plaintiff, through Defendants, filed the Bankruptcy Case. On January 1, 2023, Plaintiff filed its Chapter 11 Plan of Reorganization (Ex. 1, ¶ 17).

d.      Shortly before the confirmation hearing, the Plaintiff and the Landlord negotiated an amendment to the Plan that required a sum to be paid to the Landlord no later than April 7, 2023 (Ex. 1, ¶¶ 18-20). Failure to pay the claim would result in termination of the Lease and the associated option to purchase the property. (Ex. 1, ¶¶ 20-22).

e.      Plaintiff claims that it obtained funding to satisfy the claim by the April 7, 2023 due

-2-

date, and said funding was wired to Larson & Zirzow's trust account (Ex. 1, ¶¶ 25-28).

f.      Plaintiff claims that the Firm should not have accepted the wired funds and should have directed that the funds be sent directly to the creditor (Ex. 1, ¶¶ 29-35). Plaintiff claims that as a result, payment was not received by the creditor by the deadline and the creditor took action detrimental to Plaintiff (Ex. 1, ¶¶ 33-39). Specifically, Plaintiff lost the right to the lease that was the subject of the claim, and an option to purchase guaranteed under the lease. (Id.)

g.      The Firm thereafter withdrew from representing Plaintiff on May 26, 2023.

5.      The Bankruptcy Court, through reference from the United States District Court for the District of Nevada, pursuant to LR 1001(b), has original jurisdiction over the State Court Action, including all claims and causes of action asserted therein, pursuant to 28 U.S.C. § 1334.

6.      The State Court Action, including all claims and causes of action asserted therein, is related to the Bankruptcy Case, thereby conferring original jurisdiction upon the Bankruptcy Court. See 28 U.S.C. § 1334(b).

7.      The State Court Action, including all claims and causes of action asserted therein, involves property of the bankruptcy estate, thereby conferring exclusive jurisdiction upon the Bankruptcy Court. See 28 U.S.C. § 1334(e)(1).

8.      The State Court Action is a civil proceeding which seeks damages, among other relief. The claims for relief in the State Court Action constitute "core" matters in the following respects:

(a)      They are matters concerning the administration of the bankruptcy estate (28 U.S.C. § 157(2)(A));

(b)      They are matters concerning claims assert by the estate against persons filing claims against the estate (28 U.S.C. § 157(b)(2)(C)

(c)      They are matters concerning other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship (28 U.S.C. § 157(2)(O)).

9.      To the extent that the claims for relief in the State Court Action should not be deemed "core" matters, Defendants consent to the entry of final orders and/or judgments by the Bankruptcy Court pursuant to LR 9027(a).

10.      This Notice of Removal is properly filed with the Clerk of the Bankruptcy Court and

-3-

311874564v.1

is signed pursuant to Bankruptcy Rule 9011.  See Bankruptcy Rule 9027(a)(1).

11.     This Notice of Removal is accompanied by a copy of all "process and pleadings" in accordance with Bankruptcy Rule 9027(a), which are attached hereto as **Exhibits 1** through **6**.

12.     This Notice of Removal is timely pursuant to Bankruptcy Rule 9027(a)(3), as removal was effected within "30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed." The first Defendant to be served was the Firm, and it was served on April 3, 2025.

13.     Defendants will serve a copy of this Notice of Removal upon all parties to the State Court Action, and will file a copy of the Notice of Removal with the State Court.  *See* Bankruptcy Rule 9027(b)-(c).

THEREFORE, all parties to the State Court Action are hereby notified, pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452, as follows:

(a)     Removal of the State Court Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c). The parties to the State Court Action shall proceed no further in the State Court unless and until the action is remanded by the Bankruptcy Court.

(b)     As required by Bankruptcy Rule 9027(e)(3) and Local Rule 9027(b), any party who has filed a pleading in connection with the removed claims or causes of action, other than the party filing this Notice of Removal, shall file a statement admitting or denying any allegation in the Notice of Removal that upon removal of the claim or cause of action, the proceeding is "core" or "non-core." If the statement alleges that the proceeding or any part of it is core, the party shall also state that the party does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to the entry of final orders or judgments by the Bankruptcy Judge.  A statement required by this paragraph shall be signed pursuant to Bankruptcy Rule 9011, shall be filed not later than 14-days after the filing of this Notice of Removal, and shall be mailed to every other party of the State Court Action.

-4-

311874564v.1

DATED: April 22, 2025.

By:    /s/ Matthew C. Zirzow

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

-and-

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Sheri M. Thome, Esq.
Nevada Bar No. 8657
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Email: Sheri.Thome@wilsonelser.com

Attorneys for Larson & Zirzow, LLC,
Zachariah Larson, and Matthew C. Zirzow

-5-

311874564v.1

**Exhibits to Defendants' Notice of Removal**

**Table of Contents**

Exhibit 1     Complaint

Exhibit 2     Initial Appearance Fee Disclosure

Exhibit 3     Demand for Jury Trial

Exhibit 4     Affidavit of Service – Larson & Zirzow, LLC

Exhibit 5     Affidavit of Service – Matthew Zirzow

Exhibit 6     Affidavit of Service – Zachariah Larson

311874564v.1

# EXHIBIT 1

**Electronically Filed**
**3/27/2025 8:35 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**COMP**
Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail: josh@bensonallred.com
*Attorneys for Plaintiff*

CASE NO.: A-25-915543-C

Department 5

DISTRICT COURT

CLARK COUNTY, NEVADA

LV FORTUNE, LLC, an Oregon limited liability company;

Plaintiff,

v.

LARSON & ZIRZOW, LLC, a Nevada limited liability company; MATTHEW ZIRZOW, individually; ZACHARIAH LARSON, individually; DOES I-V, individually; ROE CORPORATIONS VI-X;

Defendants.

CASE NO.:
DEPT. NO.:

**COMPLAINT**

**ARBITRATION EXEMPT**
**[Amount in Controversy Exceeds $50,000]**

Plaintiff complains as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff LV FORTUNE LLC is, and at all times mentioned herein, was, an Oregon limited liability company.

2.      This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1) because the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00.  Venue is proper under NRS 13.040 because, upon information and belief, Defendants resided in Nevada at the commencement of this action.

3.      The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

- 1 -

4. At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5. Defendant LARSON & ZIRZOW, LLC, a Nevada limited liability company, is a law firm in Las Vegas, Nevada.

6. Defendant MATTHEW ZIRZOW is a Nevada licensed attorney.

7. Defendant ZACHARIAH LARSON is a Nevada licensed attorney.

8. Plaintiff LV FORTUNE, LLC retained Defendant LARSON & ZIRZOW, LLC, Defendant MATTHEW ZIRZOW, and DEFENDANT ZACHARIAH LARSON to represent it in a bankruptcy matter.

9. Prior to the bankruptcy, on or about December 31, 2020, Las Vegas Lucky Investment LLC, as landlord, and Plaintiff LV FORTUNE, as tenant, entered into the Fortune Hotel Lease (the "Hotel").

10. At the time LV Fortune and Las Vegas Lucky Investment entered into the Lease in December 2020, it was during the height of the COVID-19 pandemic, which imposed government-mandated closures and "phased," partial reopening of the Las Vegas hospitality, hotel and convention industry, including the Hotel. Accordingly, the Hotel was in a distressed state when the parties entered into the Lease.

11. The Commencement Date of the Lease was January 1, 2021, and its Initial Term was for a period of three (3) years and thus had an Expiration Date of December 31, 2023, but subject also to two (2) one year Extension Options.

12. The Lease also provided the Tenant with the option to purchase the Property from Landlord (the "Purchase Option") for a set Purchase Price, which was set as $20,900,000 for the initial three (3) year Term, which includes through the end of 2023.

13. This Purchase Option was extremely valuable because the Property became worth well in excess of its exercise price. Upon being exercised, the Purchase Option would allow for future development of the Property to a higher and better use.

14. On or about September 1, 2022, the Original Landlord sold the Property, subject to the Lease as a Permitted Exception, for $20 million to Cathedral GD, LLC and Cathedral JD, LLC (collectively, the "New Landlords"), with each holding an undivided 50% interest each as tenants-in-common.

15. On or about September 7, 2022, the New Landlords paid certain real property taxes for the Property to the Clark County Assessor for the entire remainder of the 2022-2023 fiscal year. Due to a dispute under the lease between the New Landlords and the Plaintiff, Plaintiff retained the Defendants and filed for bankruptcy reorganization, in part, to avoid the potential loss of its very valuable Purchase Option for the Property, and to provide a full and fair opportunity to provide a prompt cure of any alleged defaults under the Lease.

16. On November 10, 2022, the Plaintiff obtained approval to employ Defendants as its general reorganization counsel.

17. On January 1, 2023, the Plaintiff filed its Chapter 11 Plan of Reorganization (the "Plan").

18. Shortly before the confirmation hearing on its Plan, the Plaintiff and the New Landlords negotiated an amendment to the Plan to resolve their issues.

19. The Plan Modifications allowed the Plaintiff more time to pay the required cure claims under the Lease, and to preserve the Plaintiff's Purchase Option.

20. Specifically, Section 6.02 of the Debtor's confirmed Plan provides that "the New Landlords shall have an Allowed cure claim under the Lease through April 7, 2023 in the total amount of $1,120,842.57 (the "New Landlord Cure Claim") as detailed on Exhibit 5 hereto, and which cure claim shall be paid in full by no later than April 7, 2023 (the "New Landlord Cure Deadline").

21. The New Landlord Cure Claims was due in full by no later than the New Landlord Cure Deadline, which deadline cannot be extended absent written consent of the New Landlords in their sole and absolute discretion."

22. In other words, to avoid the time and expense of a contested confirmation hearing, the parties agreed that the Plan could provide for a firm "drop dead" date by which the Plaintiff was absolutely and unconditionally required to pay in full the New Landlord Cure Claim, and also provided that if the Plaintiff failed to do so, the Lease would be clearly and automatically terminated, along with the associated Purchase Option.

23. The clear and unequivocal consequences of failing to make the New Landlord Cure Claim by the New Landlord Cure Deadline were understood and recognized by Defendants.

24. As of April 7, 2023 (the New Landlord Cure Deadline), the Plaintiff had obtained funding to

pay the New Landlords Cure Claim.

25.    On Friday, April 7, 2023, Defendants received a call from Third-Party who was providing funding for Plaintiff to satisfy the New Landlord Cure Claim.

26.    The Third-Party call was routed to Defendant Larson.

27.    Defendant Larson instructed that the money to satisfy the New Landlord Cure Deadline be wired to Defendant LARSON & ZIRZOW's trust account and that he would handle it from there.

28.    The Third-Party wired the funds to Defendant LARSON & ZIRZOW's trust account.

29.    Defendant LARSON did not get his client's permission to speak to the Third-Party about the case nor did Defendant LARSON communicate with Defendant ZIRZOW about the case.

30.    Defendant LARSON never attempted to contact either Defendant ZIRZOW or Plaintiff regarding acceptance of the wire into the LARSON & ZIRZOW trust account.

31.    Around 4:35 p.m., after numerous attempts, Plaintiff finally got in contact with Defendant LARSON. Defendant LARSON confirmed speaking with the Third-Party, confirmed giving them the wire instructions, and confirmed knowing that the Third-Party's had completed the wire.

32.    During this conversation, Plaintiff informed Defendant LARSON that he had instructed the money to be sent to the wrong location.

33.    Defendant LARSON indicated that having the funds in his firm trust account would be sufficient to satisfy the New Landlord Cure Deadline. During this call, Defendant Larson assured Plaintiff that the Judge will understand.

34.    After receiving the funding prior to the New Landlord Cure Deadline, Defendants did not wire the money to the New Landlords by the New Landlord Cure Deadline nor did the Defendants contact the New Landlords regarding its own receipt of the money.

35.    Defendants did not instruct the Third-Party to wire the funds to the New Landlords.

36.    Defendants failed to ensure payment to the New Landlords by the New Landlord Cure Deadline.

37.    On April 10, 2023, the New Landlords filed a Notice of Lease Termination and Rejection Under Debtor's Plan, which stated that "[Plaintiff] did not timely pay the New Landlord Cure Claim by the New Landlord Cure Deadline, thereby triggering Cathedral's rights and remedies under, among other sources

of law, the Plan. Indeed, Cathedral has not received payment by [Plaintiff] pursuant to the terms of the Plan as of the date of this Notice. As such and in furtherance of Section 6.02 of the Plan as set forth above, Cathedral hereby gives notice of rejection and termination of the Lease in full."

38.    The New Landlords were not willing to accept the payment after the deadline.

39.    As a result of the Defendants' failures, including instructing that the money be wired into the LARSON & ZIRZOW trust account, Plaintiff lost the right to the lease and its valuable option to purchase the property.

40.    The Defendants represented Plaintiff LV FORTUNE until Defendants' motion to withdraw was granted on May 26, 2023.

41.    As a direct and proximate result of the negligence of Defendants, Plaintiff sustained significant damages, including but not limited to losing the lease of the property and the option to purchase the property for an amount millions of dollars under the market price for the property.

42.    As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION

**(Attorney Malpractice-Negligence)**

43.    Plaintiff incorporates paragraphs 1 through 42 of the Complaint as though said paragraphs were fully set forth herein.

44.    Defendants and Plaintiff entered into an attorney-client relationship.

45.    Defendants had a duty to act with reasonable skill, care and diligence in representing the Plaintiff.

46.    Additionally, Defendant ZIRZOW had a duty to inform all attorneys in the office who may handle the case, take phone calls on the case, and/or provide advice on the case, including Defendant LARSON, of the funding requirements and the New Landlord Deadline.

47.    Additionally, Defendant LARSON and Defendant ZIRZOW had a duty not to discuss Plaintiffs case with third-parties.

48.    Additionally, Defendant LARSON and ZIRZOW had a duty to provide instructions and advice that would assist Plaintiff in meeting the New Landlord Deadline.

– 5 –

49.     Defendants breached their duty by failing to instruct, deliver, counsel, advise, and/or ensure that the funding was paid to the New Landlord on or before the Cure Deadline on April 7, 2023.

50.     Defendants breached their duty by not ensuring all attorneys who were to provide advice or work on the case were informed of the New Landlord Deadline and the funding requirements.

51.     Defendant LARSON breached his duties by discussing the matter with the Third-Party.

52.     Defendant LARSON breached his duties by providing improper advice on the case and instructing that the funding be wired to the LARSON & ZIRZOW trust account. Defendant LARSON failed to confirm with Defendant ZIRZOW or with the Plaintiff the necessary location to wire the funds.

53.     Defendants breached their duty by having the funding be delivered to Defendant LARSON & ZIRZOW's trust account without the ability to get the funding to the New Landlord by the New Landlord Cure Deadline of April 7, 2023.

54.     Defendants breached their duty by failing to deliver the funds to the New Landlord by the deadline as the funds were in the LARSON & ZIRZOW trust account.

55.     Defendants breached their duty by failing to act with reasonable skill, care, and diligence in representing Plaintiff in the bankruptcy.

56.     As a result of the Defendants' breaches in the duty of care, the Plaintiff lost its right under its Lease to purchase the property as the funds were not delivered to the New Landlord by the New Landlord Cure Deadline.

57.      As a result of the Defendants' breaches, the Plaintiff suffered millions of dollars of damages, including losing the right to purchase the property at millions of dollars below market value.

58.     Without the breaches described herein, the Plaintiff would have properly cured the default on the Lease and maintained the valuable right to purchase the Property for millions below the market value of the property

59.     Defendant LARSON & ZIRZOW employed Defendants LARSON and ZIRZOW and is responsible for their breaches under the doctrine of respondeat superior.

60.     Plaintiff also suffered damages in the form of legal fees paid to LARSON & ZIRZOW

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, pray judgment against all

Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;

3. For reasonable attorney's fees and costs;

4. For interest at the statutory rate; and

5. For such other relief as the Court deems just and proper.

BENSON ALLRED INJURY LAW

*/s/ Joshua Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*

# EXHIBIT 2

Electronically Filed
3/27/2025 8:35 AM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED
333 N. Rancho Drive, Suite 420
Las Vegas, NV 89106
Telephone:    (702) 820-0000
Facsimile:    (702) 820-1111
E-mail:        josh@bensonallred.com
*Attorneys for Plaintiff*

CASE NO: A-25-915543-C

Department 5

DISTRICT COURT

CLARK COUNTY, NEVADA

LV FORTUNE, LLC

          Plaintiff,

v.

LARSON & ZIRZOW, LLC, a Nevada limited liability company; MATTHEW ZIRZOW, individually; ZACHARIAH LARSON, individually; DOES I-V, individually; ROE CORPORATIONS VI-X;

          Defendants.

CASE NO.:
DEPT. NO.:

**INITIAL APPEARANCE FEE DISCLOSURE**
**(NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

    LV Fortune, LLC        $270.00

    TOTAL REMITTED:    $270.00

    BENSON ALLRED INJURY LAW

    */s/ Joshua Benson*
    Joshua L. Benson, Esq.
    Nevada Bar No. 10514
    333 N. Rancho Drive, Suite 420
    Las Vegas, NV 89106
    *Attorneys for Plaintiff*

- 1 -

# EXHIBIT 3

Electronically Filed
3/27/2025 8:35 AM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED
333 N. Rancho Drive, Suite 420
Las Vegas, NV 89106
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail:josh@bensonallred.com
*Attorneys for Plaintiff*

CASE NO.: A2591554C
Department 5

DISTRICT COURT

CLARK COUNTY, NEVADA

LV FORTUNE, LLC

        Plaintiff,

v.

LARSON & ZIRZOW, LLC, a Nevada limited liability company; MATTHEW ZIRZOW, individually; ZACHARIAH LARSON, individually; DOES I-V, individually; ROE CORPORATIONS VI-X;

        Defendants

CASE NO.:
DEPT. NO.:

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff LV FORTUNE, LLC by and through its attorneys of record, JOSHUA L. BENSON, ESQ., of BENSON ALLRED INJURY LAW, and hereby demands a jury trial of all of the issues in the above matter.

BENSON ALLRED INJURY LAW

*/s/ Joshua Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
333 N. Rancho Drive, Suite 420
Las Vegas, NV 89106
*Attorneys for Plaintiff*

- 1 -

# EXHIBIT 4

**AFFIDAVIT OF SERVICE**

Electronically Filed
4/4/2025 7:31 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-25-915543-C | Court:<br>EIGHTH JUDICIAL DISTRICT COURT | | County:<br>CLARK COUNTY, NV | Job:<br>2027960 |
|---|---|---|---|---|
| **Plaintiff / Petitioner:**<br>LV Fortune, LLC | | | **Defendant / Respondent:**<br>Larson & Zirzow, LLC; Matthew Zirzow; Zachariah Larson | |
| **Received by:**<br>Serve Vegas LLC | | | **For:**<br>Benson Allred | |
| **To be served upon:**<br>Larson & Zirzow, LLC | | | | |

I, Jack Riley, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Hannah Millen, 850 East Bonneville Avenue, Las Vegas, NV 89101

**Manner of Service:**          Registered Agent, Apr 3, 2025, 11:22 am PDT

**Documents:**                 Complaint, Summons

**Additional Comments:**
1) Successful Attempt: Apr 3, 2025, 11:22 am PDT at 850 East Bonneville Avenue, Las Vegas, NV 89101 received by Hannah Millen. Age: 26; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'7"; Hair: Brown; Eyes: Brown; Other: Front Desk Manager;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.


Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.


_____          04/03/2025
Jack Riley                                **Date**
R-2023-15730

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

# EXHIBIT 5

## AFFIDAVIT OF SERVICE

**Electronically Filed**
**4/8/2025 5:28 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

| Case: A-25-915543-C | Court: EIGHTH JUDICIAL DISTRICT COURT | County: CLARK COUNTY, NV | Job: |
|---|---|---|---|
| **Plaintiff / Petitioner:** LV Fortune, LLC | | **Defendant / Respondent:** Larson & Zirzow, LLC; Matthew Zirzow; Zachariah Larson | |
| **Received by:** Serve Vegas LLC | | **For:** Benson Allred | |
| **To be served upon:** Matthew Zirzow | | | |

I, Jack Riley, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Matthew Zirzow, 850 East Bonneville Avenue, Las Vegas, NV 89101

**Manner of Service:**  Personal/Individual, Apr 4, 2025, 10:05 am PDT

**Documents:**  Complaint, Summons

**Additional Comments:**
1) Unsuccessful Attempt: Apr 3, 2025, 11:22 am PDT at 850 East Bonneville Avenue, Las Vegas, NV 89101
Mathew Zirzow not in office today but will be in AM tomorrow

2) Successful Attempt: Apr 4, 2025, 10:05 am PDT at 850 East Bonneville Avenue, Las Vegas, NV 89101 received by Matthew Zirzow. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 165; Height: 6'0"; Hair: Brown; Eyes: Brown;

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____              04/04/2025
Jack Riley                                                       **Date**
R-2023-15730

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

# EXHIBIT 6

## AFFIDAVIT OF SERVICE

Electronically Filed
4/4/2025 7:31 AM
Steven D. Grierson
CLERK OF THE COURT

| Case: A-25-915543-C | Court: EIGHTH JUDICIAL DISTRICT COURT | County: CLARK COUNTY, NV | Job: |
|---|---|---|---|
| **Plaintiff / Petitioner:** LV Fortune, LLC | | **Defendant / Respondent:** Larson & Zirzow, LLC; Matthew Zirzow; Zachariah Larson | |
| **Received by:** Serve Vegas LLC | | **For:** Benson Allred | |
| **To be served upon:** Larson & Zirzow, LLC | | | |

I, Jack Riley, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Hannah Millen, 850 East Bonneville Avenue, Las Vegas, NV 89101

**Manner of Service:**   Registered Agent, Apr 3, 2025, 11:22 am PDT

**Documents:**   Complaint, Summons

**Additional Comments:**
1) Successful Attempt: Apr 3, 2025, 11:22 am PDT at 850 East Bonneville Avenue, Las Vegas, NV 89101 received by Hannah Millen. Age: 26; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'7"; Hair: Brown; Eyes: Brown; Other: Front Desk Manager;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____   04/03/2025
Jack Riley                          **Date**
R-2023-15730

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914